Ainsworth v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-152-CR

     DANIEL LEE AINSWORTH,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 92-02-14,956-CR
                                                                                                    

O P I N I O N
                                                                                                    
 
      Daniel Ainsworth appeals his conviction for delivery of a controlled substance. Ainsworth
was charged by indictment with delivery of less than twenty-eight grams of cocaine. The
indictment included six enhancement paragraphs alleging six prior convictions for felony offenses. 
On April 30, 1992, a jury found Ainsworth competent to stand trial. On May 14, a separate jury
found Ainsworth guilty of delivery of a controlled substance. He pleaded true to the allegations
in the six enhancement paragraphs, and the jury assessed punishment at sixty years in prison.
      In point one Ainsworth contends that the court erred in admitting evidence of his prior
criminal record during the competency hearing. In a competency hearing, however, all relevant
facts concerning the defendant's mental competency should be submitted to the jury.


 When
extraneous offenses are relevant and material, they should be admitted.


 Ainsworth's attorney
testified at the competency hearing that Ainsworth was paranoid and believed that the law
enforcement community in Robertson County was engaged in a vendetta against him. As a result,
Ainsworth's prior experience with the criminal justice system in Robertson County was relevant
and therefore admissible. We overrule point of error one.
      In point two Ainsworth contends that the court erred in overruling his objections to the State's
questions about a defense witness' prior participation in a marihuana sale. Ainsworth called
Michael Lindan to testify that he had known Ainsworth for fifteen years and that he had never seen
Ainsworth engage in any drug transactions. By a supplemental brief, Ainsworth limits his
complaint on appeal to the following inquiry by the prosecutor:
Q.Isn't it true that on October 22, Mr. Lindan, that you told Brenda Brooks that you
could get her a quarter once of marijuana for thirty-five dollars?
 
A.I don't know no Brenda Brooks.
 
[Defense Counsel]: I object to this as hearsay, Your Honor. I object to this as
irrelevant.
 
THE COURT: Overruled.

      According to Ainsworth's supplemental brief, this point has only one complaint, "that the
witness was impeached with regard to a collateral, extraneous offense implying that he was
involved in a Marijuana deal." We first observe that Ainsworth's complaint on appeal does not
comport with the objections made at trial. Under these circumstances, nothing is preserved for
review.


 Furthermore, Ainsworth's general objections to relevancy and hearsay present nothing
for review on appeal.


 Accordingly, we overrule point of error two.
      In point three Ainsworth contends that the court erred in denying his requested instruction on
the issue of entrapment.


 Ainsworth testified that it was his understanding that he would get to
keep some of the drugs out of the deal if he obtained drugs for Mike Dodds, a law enforcement
agent. He also testified that "they said they would turn me on to a couple of twenties or so."
      The defendant has the burden to produce evidence of an inducement that was likely to cause
persons "not ready and willing to commit the crime to engage in the conduct charged."


 In Bush
v. State, the defendant testified that a law enforcement agent promised to get the defendant high
on dope if he obtained dope he did not possess and delivered it on a parking lot to strangers.


 On
motion for rehearing, the Court of Criminal Appeals in Bush determined that the defendant's
testimony did not raise a fact issue of entrapment.


 The court held that a promise to get the
defendant high on dope is so unlikely to induce a person, not already so disposed, to commit the
criminal offense charged as to not even raise the issue of entrapment.


 Although Ainsworth
testified that he expected to receive "a couple of twenties or so," he does not contend that he was
induced by offers of inordinate amounts of money.


 Because Ainsworth's testimony did not raise
a fact issue of entrapment, we overrule point of error three.
      In point four Ainsworth contends that the court erred in overruling his objections to improper
argument made by the prosecutor during the guilt-innocence phase of the trial. During opening
argument the prosecutor told the jury, "You will violate your oath, I think, by finding him not
guilty." Ainsworth, however, made no objection to the State's argument at that time. On closing
argument, the prosecutor repeated the same argument:
For you to find this man not guilty I believe you'd violate your oath to a true verdict
render.
 
[Defense Attorney]: Your Honor, I want to object to that. He's interjecting his own
opinion in that and it's an improper argument.
 
THE COURT: Overruled.
 
[Prosecutor]: Based on the evidence you'd be violating your oath because you know
that this man delivered drugs to K. David Clark. . . .
 
. . . .
 
. . . You could violate your oath under the law and the evidence and say not guilty—
 
[Defense Attorney]: Your Honor, I object. That is a completely improper argument
saying that to find him not guilty—they violate their oath if they find him not guilty. 
That's wrong, Judge.
 
THE COURT: Overruled. Proceed with your argument.
 
[Prosecutor]: Your oath is to a true verdict render and that is all I ask you to do.

      Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement.


 All other arguments are improper. The prosecutor's
argument, that the jurors would violate their oaths if they found Ainsworth not guilty, was, we
agree, improper. To be timely an objection to improper argument, however, must be made as
soon as the ground of objection becomes apparent.


 Ainsworth allowed the same arguments,
without objection, during the prosecutor's opening argument. The general rule is that the
defendant must timely object to the improper argument to preserve a complaint for appeal.



      When the jury argument is so prejudicial, however, that an instruction to disregard the
argument could not cure the harm, neither a timely objection nor an adverse ruling is required to
preserve the compliant for appellate review.


 In this case the prosecutor's argument, though
improper, was not so prejudicial that an instruction to disregard the argument could not cure the
harm. Ainsworth testified that he pleaded not-guilty to the offense because he believed he was
entrapped. Although he claimed to have given the drugs to Mike Dodds rather than David Clark,
he admitted that there was a "transaction." Indeed, his entire defense was based on the entrapment
theory. When he failed to raise the issue of entrapment, the jury was left only with the question
of whether he had committed the elements of the offense of delivery. Each time Ainsworth
objected to the prosecutor's closing argument, the prosecutor redirected the jury's attention to the
evidence and pointed out that all he was asking them to do was render a true verdict. As a result,
a timely objection was required each time the prosecutor engaged in improper argument. Because
Ainsworth failed to object to the prosecutor's opening argument, we overrule point of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 3, 1993
Do not publish